IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KATHLEEN R. ANDRASO,           )
                               )
            Plaintiff,         )
                               )
     v.                        )
                               )  Civil Action No. 10-1520
MICHAEL J. ASTRUE,             )
COMMISSIONER OF                )
SOCIAL SECURITY,               )
                               )
            Defendant.         )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 10th day of January, 2012, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 7) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 5) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her DIB application on August 19, 2008, alleging disability beginning February 15, 2007, due to arthritis and bipolar disorder. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on February 8, 2010. On April 9, 2010, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council then denied plaintiff's request for review on November 18, 2010, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 51 years old as of her alleged onset date of disability and is classified as a person closely approaching advanced age under the regulations. 20 C.F.R. §404.1563(d). Plaintiff has past relevant work experience as a waitress, but she has not engaged in substantial gainful activity at any time since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the

meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of bipolar disorder, degenerative disc disease of the lumbar spine, left knee degenerative joint disease, arthritis, chronic obstructive pulmonary disease, substance addiction, obesity and carpal tunnel syndrome, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform light work with a number of additional limitations. Plaintiff is limited to standing or walking for four hours and sitting for four hours in a typical workday, and she requires the option to sit or stand while performing work, as well as the ability to change positions at a maximum frequency of once every 30 minutes. In addition, plaintiff is limited to simple, routine and repetitive tasks, relatively few workplace changes and work that is not performed in a fast-paced production environment. Further, she must avoid exposure to dust, fumes, gases, hot or cold temperature extremes, extreme dampness and extreme humidity. Finally, plaintiff is unable to perform lifting with her left hand (collectively, the "RFC Finding").

Based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable her to perform work that exists in significant numbers in the national economy,

such as an information clerk, office helper or night guard. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff challenges the ALJ's findings at step

5 of the sequential evaluation process. At step 5, the Commissioner must show there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §404.1545(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §404.1545(a)(4).

Here, plaintiff argues that the ALJ erred at step 5 because he failed to properly evaluate her credibility regarding her subjective complaints of pain. This argument is without merit.

A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §404.1529(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ properly analyzed plaintiff's subjective complaints of pain, and he explained why he found her testimony not entirely credible.

In evaluating plaintiff's credibility, the ALJ complied with the appropriate regulations and considered all of the relevant

evidence in the record, including the medical evidence, plaintiff's activities of daily living, the extent of her treatment, plaintiff's own statements about her symptoms and the opinions of physicians who treated and examined her. See 20 C.F.R. §§404.1529(c)(1) and (c)(3); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect her ability to work. 20 C.F.R. §404.1529(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disabling pain. Accordingly, the ALJ determined that plaintiff's testimony regarding the limitations caused by her alleged pain was not entirely credible. (R. 38, 44). This court finds that the ALJ adequately explained the basis for his credibility determination in his decision, (R. 38-44), and is satisfied that such determination is supported by substantial evidence.

In connection with her credibility argument, plaintiff contends that the ALJ improperly based his adverse credibility finding primarily on the fact that her physicians did not document her pain in every treatment note. To the contrary, the ALJ found plaintiff was not entirely credible in light of her medical history, the degree of treatment she required, discrepancies between her statements and information contained in medical reports, the results of physical examinations and reports by treating and examining physicians. (R. 44). As stated above, the

ALJ's credibility finding is supported by substantial evidence. Accordingly, plaintiff's argument that the ALJ improperly evaluated her credibility lacks merit.

After carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge


cc: Kelie C. Schneider, Esq.
    Robert Peirce & Associates, P.C.
    707 Grant Street, 2500 Gulf Tower
    Pittsburgh, PA 15219

    Michael Colville
    Assistant U.S. Attorney
    700 Grant Street
    Suite 4000
    Pittsburgh, PA 15219